UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLD D. DUNCHOCK,

    Plaintiff,

vs.    Case No. 14-11799

THE CITY OF CORUNNA, by    HON. AVERN COHN
CHARLES KERRIDGE, Mayor,

    Defendant.
_____/

**MEMORANDUM AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 13)[1]**

I. Introduction

This purports to be a 42 U.S.C. § 1983 case asserting claims under the First and Fifth Amendments. Plaintiff, proceeding pro se, claims that defendant, the City of Corunna by Charles Kerridge, the Mayor (the City), has retaliated against him for speaking out against the City and has taken his property. At issue appear to be three parcels of property located in the City. The City has apparently issued notices to the owners of the parcels following an inspection, stating that the parcels are unsafe and in need of repair. The amended complaint contains the following counts, phrased by plaintiff as follows:

---

[1]The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

    Count II[2]    Defendant violated plaintiff's rights pursuant to 42 United States Code Section 1983 (free speech)

    Count III    Plaintiff incorporates the factual allegations set forth in Count II but seeks the same relief based on general tort law, pursuant to Michigan law

    Count IV    Plaintiff should be granted injunctive relief against the defendant wrongfully gaining ownership of the real property set forth herein.

Before the Court is the City's motion for summary judgment. For the reasons that follow, the motion will be granted.

## II. Background

Plaintiff initially filed this action in Shiawasssee County Circuit Court. The City removed the case to this Court on the basis of federal question jurisdiction. (Doc. 1) Plaintiff filed a paper titled "Plaintiff's Objection To Removal" (Doc. 5). The Court construed the paper as a motion to remand and required Defendant to file a response. See (Doc. 6). Subsequently, plaintiff filed an amended motion to remand. (Doc. 9).

The Court denied plaintiff's objection to removal and his amended motion to remand, stating that

> What can be gleaned from the complaint and subsequently filed papers, however, is that Plaintiff claims Defendant retaliated against him for speaking out against Defendant. Plaintiff claims a violation of his First and Fifth Amendment rights. Because Plaintiff alleges violations of the Constitution, the Court has subject-matter-jurisdiction under 28 U.S.C. § 1331.

(Doc. 11).

The City then filed the instant motion for summary judgment. The City contends that plaintiff lacks standing because he is not the owner of two of the three parcels and

---

[2]The amended complaint in the record begins on page 28. Page 28 begins with Count II.

no adverse action has been taken by the City regarding the third parcel. The City also contends that plaintiff's claims of retaliation and taking lack merit as all of the City's actions with respect to the parcels of property have been done in accordance with the law.

Plaintiff has filed a response. As best as can be gleaned,[3] plaintiff withdraws his claim under § 1983. He also says that he wants his claims to be heard in state court as part of judicial review of an administrative proceeding.

### III. Legal Standards

Although the City moved for summary judgment, some of the arguments it raises are more appropriate to a motion to dismiss. For instance, the City argues that plaintiff lacks standing. A motion to dismiss for lack of standing is properly analyzed under Federal Rule 12(b) (1) because "[s]tanding is thought of as a 'jurisdictional' matter, and a plaintiff's lack of standing is said to deprive a court of jurisdiction." Ward v. Alt. Health Delivery Sys., 261 F.3d 624, 626 (6th Cir.2001) (citations and internal quotation marks omitted); see also Allstate Ins. Co. Global Med. Billing, Inc., 520 F. App'x 409, 410–11 (6th Cir. 2013) (stating that lack of standing is treated as an attack on the court's subject matter jurisdiction and is therefore considered under Rule 12(b)(1)). To satisfy Article III's standing requirement, a plaintiff must establish three elements: "1) an injury in fact that is concrete and particularized; 2) a connection between the injury and the conduct at issue-the injury must be fairly traceable to the defendant's action; and 3)[a] likelihood that the injury would be redressed by a favorable decision of the Court." Courtney v.

---

[3]This filing, like plaintiff's prior filings in this case, is virtually unintelligible.

Smith, 297 F.3d 455, 459 (6th Cir. 2002) (internal citation and quotation marks omitted).

Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack. Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co., 491 F.3d 320, 330 (citation omitted). A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading. Id. Here, the City facially attacks plaintiff's standing to sue. In such a circumstance, the Court may go beyond the face of the complaint and consider the evidence presented by the parties. See Cartwright v. Garner, 751 F.3d 752, 759 (6th Cir. 2014) (on motion to dismiss based on factual lack of jurisdiction, court has "broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case.").

The City also argues that the allegations in the complaint are insufficient to state a plausible 42 U.S.C. § 1983 claim because plaintiff has not suffered a constitutional injury and has failed to allege a constitutional deprivation caused by the City. To survive dismissal, "a complaint must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is facially plausible if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007).

In order to prevail on a claim under 42 U.S.C. § 1983, a plaintiff must allege the following two elements: 1) that he was deprived of a right secured by the United States

Constitution or laws of the United States, and 2) that the deprivation was caused by a person while acting under color of state law. Stewart v. City of Middletown, 136 F. App'x 881, 882 (6th Cir. 2012).

Finally, as to summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party may meet that burden "by 'showing' – that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Revised Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The revised Rule also provides the consequences of failing to properly support or address a fact:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or

>   (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

When the moving party has met its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industries Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether the record as a whole presents a genuine issue of material fact, id. at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," Hager v. Pike County Bd. Of Education, 286 F.3d 366, 370 (6th Cir. 2002).

## IV.  Analysis

In light of plaintiff's statement to withdraw his claim under § 1983, Count II must be dismissed. No further discussion is necessary.

As to Count III, it is nothing more than a title. There are no allegations or recitation of legal authority. Simply incorporating prior allegations and referencing "general tort law pursuant to Michigan law" does not provide fair notice of the claim much less state a plausible claim for relief. Count III must be dismissed for failure to state a claim upon which relief may be granted.

As to Count IV, the City is correct that regarding the two parcels that plaintiff does not own, he lacks standing to challenge any actions taken against them. Plaintiff does not deny that he only owns one of the parcels, but says he has some interest in all three parcels.

Putting aside the standing issue, Count IV fails on other grounds, as explained by the City:

> There was no taking of property. There was no judicial action taken by the defendant to attempt to take or seize any of the properties. Even if the proper parties were before this court to make such claims concerning the Shiawasssee Street properties, there would be no claim. There was no foreclosure action, no condemnation action, no eminent domain action. The City of Corunna did not affect the ownership interest in any of the properties in any way.

(Doc. 13 at p. 16).

Plaintiff offers no argument or evidence challenging the City's statements. At best, plaintiff says that the City has "captured" the property using "militaristic" tactics. The record, however, record shows that the City issued a "Notice of Dangerous Structures" as to each parcel stating that an inspection showed the parcel was in violation of City ordinances, deemed unsafe, and required repair. Plaintiff cites no authority that issuing such a notice amounts to a taking or a violation of due process. Indeed, as to the parcel which plaintiff owns, the record shows there was a hearing regarding the alleged violations. The record also contains a document entitled "Results of Hearing For Dangerous and Unsafe Structure(s) . . ." Under the space entitled "Hearing Officer Notes and Directives," it states:

> As this structure has been vacant for some time and allowed to deteriorate, I find the structure uninhabitable in its current state. The roof must be repaired and open window fixed by October 31, 2013. . . .

Again, there is nothing in the record to show that the City's actions in any way deprived plaintiff of his due process rights or amount to a taking.

7

V.  Conclusion

For the reasons stated above, the City's motion is GRANTED.  This case is DISMISSED.

SO ORDERED.

                        S/Avern Cohn
                        AVERN COHN
                        UNITED STATES DISTRICT JUDGE

Dated:  March 12, 2015
      Detroit, MI

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 12, 2015, by electronic and/or ordinary mail.

                        S/Sakne Chami
                        Case Manager, (313) 234-5160